IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASEY RIEDEMANN and KREG RIEDEMANN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )     Cause No. 04-CV-154-WDS |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is plaintiffs' motion for summary judgment, to which defendant has filed a response.

This action arises out of an automobile accident, in which Debra Smith, operating a United States Postal Service truck, struck the rear of plaintiffs' vehicle. The impact of the rear-end collision caused by the postal truck resulted in plaintiffs' vehicle striking the vehicle traveling directly in front of them. Plaintiffs filed this negligence action, and now seek summary judgment with respect to the issues of liability and proximate cause, asserting that a trial is necessary only with respect to the issue of damages.

Rule 56 of the Federal Rules of Civil Procedure states that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party initially bears the burden to demonstrate an absence of genuine issues of material fact, indicating that judgment should be granted as matter of law. See, *Lindemann v. Mobil Oil*

*Corp.*, 141 F.3d 290, 294 (7th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once a motion for summary judgment has been made and properly supported, however, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue for trial. See, *id.* In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. See, *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

"In order to prevail in an action for negligence, the plaintiff must prove that the defendant owed a duty, that defendant breached that duty, and that defendant's breach was the proximate cause of injury to the plaintiff." *Benner v. Bell*, 602 N.E.2d 896, 898 (Ill. App. Ct. 1992). "While the issue of duty is a question of law, the issues of breach of that duty and proximate cause are said to be questions of fact for the jury." *Id.* "Illinois courts have decided that the trier of fact is best suited to determine whether an action is a substantial factor in causing an injury and, if so, how much liability should attach." *Knoblauch v. DEF Exp. Corp.*, 86 F.3d 684, 689 (7th Cir. 1996).

Defendant does not dispute that Smith was negligent in operating the postal truck. Rather, defendant argues that summary judgment is not appropriate because material issues of fact remain with respect to whether the plaintiff driver, Casey Riedemann, was comparatively negligent.[1]

---

[1] The Federal Tort Claims Act provides a remedy for personal injury caused by the negligent or wrongful act of any government employee acting within the scope of his employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place" where the act occurred. 28 U.S.C. § 1346(b)(1). See also, *Spurgin-Dienst v. United States*, 359 F. 3d 451, 455 n.2 (7th Cir. 2004). In suits properly brought under the Federal Tort Claims Act, the United States District Court applies the law of the state in which the acts or omissions occurred. 28 U.S.C. § 1346(b)(1).

> A driver who does not maintain a proper lookout for traffic ahead is negligent. However, it does not follow that every person whose automobile is struck from the rear is free from contributory negligence and is entitled to recover as a matter of law. It has been held that a driver intending to stop or suddenly slow down his vehicle must use due care for the safety of vehicles following so closely behind him that they may be imperiled by a sudden stop.

*Ryon v. Javior*, 387 N.E.2d 936, 941-42 (Ill. App. Ct. 1979) (internal citations omitted). Here, Debra Smith testified that Casey Riedemann could have avoided the accident by giving her "more braking notice, other than her slamming on the brakes to avoid the gentleman in front of her." (See, Doc. 13, Ex. B, p. 11). Accordingly, an issue of fact remains with respect to the comparative negligence of Casey Riedemann, which has been pled by defendant as an affirmative defense.

Defendant further argues that summary judgment is not appropriate because material issues of fact remain with respect to the issue of its negligence being the proximate cause of plaintiffs' injuries. In support of their motion for summary judgment, plaintiffs cite to their own deposition testimony, in which they provide details of various doctors' visits and activities in which they can no longer engage. Plaintiffs also cite to Exhibit E (Medical Records of Casey Riedemann) and Exhibit F (Medical Records of Kreg Riedemann) in support of their claim that defendant's negligence was the proximate cause of their various back and neck injuries. They identify several health care providers and state that each one attributes the plaintiffs' respective injuries to the accident. However, the medical records submitted by plaintiffs are unverified

---

Accordingly, Illinois law governs the instant case.
  Illinois law recognizes the doctrine of comparative negligence, which reduces the plaintiff's damages by the percentage of fault attributable to him. *Galloway v. Kuhl*, 806 N.E.2d 251, 254 (Ill. App. Ct. 2004) (citing *Alvis v. Ribar*, 421 N.E.2d 886, 898 (1981)) (the comparative negligence formula was modified by the enactment of section 2-1116 of the Code of Civil Procedure (Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2-1116)).

(and portions are virtually illegible); plaintiffs have not submitted affidavits of any of the medical providers. The evidence presented certainly raises an issue of fact with respect to whether plaintiffs' injuries resulted from the accident, therefore, it is not appropriate to grant summary judgment in plaintiffs' favor based only on the evidence in the record. Moreoever, in light of defendant's affirmative defense of comparative negligence, it remains to be seen whether comparative negligence on the part of Casey Riedemann was a proximate cause of plaintiffs' injuries. See, e.g., *Bultema v. Caterpillar, Inc.*, 11 F. Supp.2d 966, 968 (N.D.Ill. 1998) ("there may be more than one proximate cause of an injury").

Based on the foregoing, the Court finds that defendant has conceded that it breached a duty to plaintiffs, but that genuine issues of fact, more properly decided by a jury, remain with respect to whether and to what extent plaintiffs' injuries did in fact result from the accident involving the postal service vehicle, and whether Casey Riedemann was comparatively negligent or whether defendant's negligence was the sole proximate cause of plaintiffs' injuries. Accordingly, the Court **DENIES** plaintiffs' motion for summary judgment.

    **IT IS SO ORDERED.**

    **DATED: June 15, 2005**

    **s/ WILLIAM D. STIEHL**
    **DISTRICT JUDGE**